NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000090
31-MAY-2017
08:04 AM

NO. CAAP-16-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DESMOND J. LEWI, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 15-1-0003 (CR. NO. 08-1-0483))

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ.,
with Nakamura, C.J., concurring and dissenting)

Petitioner-Appellant Desmond J. Lewi (Lewi) appeals
from the "Findings of Fact, Conclusions of Law and Order Denying
Petition to Vacate, Set Aside, or Correct Judgment or to Release
Petitioner for Custody Filed August 14, 2015, Without a Hearing,"
entered on January 27, 2016, in the Circuit Court of the Third
Circuit (Circuit Court).[1]

On appeal, Lewi contends (1) the Circuit Court erred by
denying his Petition to Vacate, Set Aside, or Correct Judgment or
to Release Petitioner for Custody (Petition) and held an
evidentiary hearing on October 15, 2015 without him being
present, (2) he received ineffective assistance of trial counsel,
appellate counsel, and counsel representing him for the Petition
(HRPP Rule 40 counsel), (3) the Hawaii Paroling Authority (HPA)
acted arbitrarily and capriciously by determining that he was a
Level III offender, and (4) his consecutive sentence was illegal.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

_____

[1]     The Honorable Glen S. Hara presided.

the arguments advanced and the issues raised by the parties, we resolve Lewi's points of error as follows:

(1) There is no evidence in the record that the Circuit Court held a hearing on October 15, 2015, or at any other time after the filing of and before the denial of the Petition. Therefore, Lewi's claim that he was not present during a hearing related to the Petition is without merit.

(2) Lewi claims that he informed his trial counsel that his consecutive sentence was illegal in 2011. Lewi also claims that his trial counsel misrepresented his plea deal regarding sentencing, thereby making his plea involuntary. Lewi states as examples of ineffective assistance of counsel were counsel's

> ability to represent the defendant would suffer from [d]efendant's inability to clear up false or wrong information in [the] P.S.I. Report, provide legal advice or to seek reassurance or discuss any last minute misgivings, or if Petitioner did not understand certain aspects of the [p]roceedings or that he was changing his mind. Moreover the right to counsel includes the right to confer with counsel.

Lastly, Lewi claims that trial counsel was ineffective at sentencing and for failing to appeal his minimum sentence issued on September 16, 2010.

As discussed below, Lewi's consecutive sentence was not illegal. Therefore, trial counsel was not ineffective for failing to appeal his minimum sentence on that basis.

Lewi argues his plea was involuntary because counsel misrepresented what sentence he would receive. However, he expressly eschews the remedy for an involuntary plea, i.e., withdrawal of the plea, and urges instead that the consecutive sentence was "illegally imposed" and presumably that the consecutive sentence should be removed by this court. However, this remedy is not available to Lewi on appeal. Barnett v. State, 91 Hawai'i 20, 29, 979 P.2d 1046, 1055 (1999).

The record reflects that Lewi's trial counsel made "various corrections to the presentence report" and argued for probation and for concurrent sentencing. Lewi does not identify what other information in his pre-sentence report is false or inaccurate, or in what respect his counsel was ineffective at

sentencing.  In any event, as discussed below, Lewi's claims relating to his minimum sentencing hearing in September 2010 are moot.

Based on the foregoing, Lewi's claim regarding ineffective assistance of trial counsel is without merit.

Lewi did not file a direct appeal from his conviction and sentence.  As we explain below, Lewi's consecutive sentence was not illegal and therefore it was not ineffective for his counsel not to file an appeal.

Lewi claims his HRPP Rule 40 counsel was ineffective for refusing to "argue, communicate, object to the courts on behalf of Petitioner's Rule 40 claims.  Counsel did not prepare HRPP Rule 40 Petition."  Lewi filed his Petition on August 14, 2015.  Lewi did not request appointment of counsel until September 17, 2015.  HRPP Rule 40 counsel was appointed on September 17, 2015.  Therefore, HRPP Rule 40 counsel was not ineffective for failing to draft the Petition.  On November 16, 2015, HRPP Rule 40 counsel filed a Supplemental Memorandum to Rule 40 Petition which addressed Lewi's claim regarding his minimum sentence but did not reiterate his claim that his consecutive sentence was illegal.  Lewi does not state what additional arguments counsel should have made or how counsel's communication, or lack thereof, affected the claims in his Petition.  Therefore, HRPP Rule 40 counsel was not ineffective.

(3)  Ordinarily,

> matters not presented to the trial court may not be considered by the appellate court on appeal.  Where the equity of the situation dictates, we will use our discretion to take judicial notice of matters of which courts may properly take judicial notice but which are not part of the record on appeal.  It has been held that an appellate court may, in its discretion, take judicial notice of the files or records of a case on appeal.

Eli v. State, 63 Haw. 474, 478, 630 P.2d 113, 116 (1981) (citations omitted).

The court takes judicial notice of the December 22, 2016 Notice and Order of Fixing Minimum Term(s) of Imprisonment for Lewi issued by the HPA (2016 Setting).  Apparently, Lewi was provided another minimum sentencing hearing on November 29, 2016, which resulted in a new minimum sentence and offender

3

classification. In this 2016 Setting, Lewi was classified as a Level III offender for the Manslaughter conviction but a Level II offender for Carrying or Possessing a Loaded Firearm on Highway and Ownership or Possession Prohibited. Lewi's minimum sentence was set at 16 years for Manslaughter, five years for Carrying or Possessing a Loaded Firearm on Highway, and three years for Ownership or Possession Prohibited. Therefore, claims regarding Lewi's minimum sentence on September 16, 2010 are moot.

(4) Citing State v. Van den Berg, 101 Hawaiʻi 187, 65 P.3d 134 (2003), State v. Christian, 88 Hawaiʻi 407, 967 P.2d 239 (1998), and State v. Jumila, 87 Hawaiʻi 1, 950 P.2d 1201 (1989), Lewi claims that his consecutive sentence is illegal because he cannot be convicted of both a "weapons violation" and Manslaughter.

In Jumila and Van den Berg the court held that a person convicted of Murder in the Second Degree could not also be convicted of violating HRS §§ 134-6(a). The court in Christian, relying upon the reasoning in Jumila, held that a person convicted of Murder in the Second Degree could not also be convicted of violating HRS § 134-51(b). However, Lewi's reliance on Jumila, Christian, and Van den Berg is misplaced. In State v. Brantley, 99 Hawaiʻi 463, 470, 56 P.3d 1252, 1259 (2002), the court expressly overruled Jumila because of a legislative amendment made to the statute in 1993.[2] Under Brantley, a defendant may be convicted of Murder in the Second Degree as well as Carrying or Use of Firearm in the Commission of a Separate Felony, in violation of HRS § 134-6(a). Id.

HRS §706-668.5 (2014) states

(1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.

(Emphasis added.) Thus, the court was authorized to impose consecutive sentences upon Lewi when he was convicted of three

---

[2] The court in Van den Berg applied the reasoning of Jumila to the case because it began before June 18, 1993, the effective date of the amendment. Van den Berg, 101 Hawaiʻi at 191, 65 P.3d at 138.

felonies at the same time.   Therefore, Lewi's consecutive sentence was not illegal.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for Custody Filed August 14, 2015, Without a Hearing," entered on January 27, 2016, in the Circuit Court of the Third Circuit is affirmed.

DATED:   Honolulu, Hawai'i, May 31, 2017.

On the briefs:

Desmond J. Lewi,
Petitioner-Appellant, pro se.

Associate Judge

Shaunda A.K. Liu,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Respondent-Appellee.

Associate Judge

Diane K. Taira and
Richard W. Stacey,
Deputy Attorneys General,
for Respondent-Appellee.

5